IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANGELA K. BALL on behalf of
  JOSHUA T. BALL                                                                PLAINTIFF

v.                                   NO.  1:06cv00059 WRW-JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration[1]                                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Angela K. Ball, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Supplemental Security Income (SSI) on behalf of her son, Joshua T. Ball (Claimant).  Both parties have filed appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); Moore ex rel. Moore v. Barnhart, 413 F.3d 718, 721 (8th Cir. 2005); see Young v. Shalala, 52 F.3d 200, 201-02 (8th Cir. 1995)(substantial evidence review in child benefits case).  Substantial

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007.  He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Moore ex rel. Moore v. Barnhart, 413 F.3d at 721.

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

The Commissioner found Claimant not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Claimant was not disabled within the meaning of the Act is supported by substantial evidence.

> An individual under the age of 18 shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c (a)(3)(C)(i) (1996).

After conducting an administrative hearing, the Administrative Law Judge[2] (ALJ) concluded that Claimant had not been under a disability within the meaning of the Social Security Act at any time through February 17, 2006, the date of his decision. (Tr. 23-24.) On September 6, 2006, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, thereby making it the final decision of the Commissioner. (Tr. 4-7.)

Plaintiff then filed her complaint initiating this appeal (docket entry #2). After consideration of the record as a whole, the Court finds that the decision of the

---

[2]The Hon. Gary R. Shelton.

Commissioner is supported by substantial evidence.

At the time of the administrative hearing, Claimant was twelve years old, and a student entering the sixth grade. (Tr. 270.) In determining whether an SSI claimant under the age of 18 is under a disability, a three-step sequential evaluation process is used which is comparable to the five-step sequential evaluation process utilized for adults. 20 C.F.R. § 416.924(a) (2005).

The first step is a determination whether the child is engaged in substantial gainful activity. Id., § 416.924(b). If so, benefits are denied; if not, the evaluation continues to the next step.

The second step involves a determination whether the impairment or combination of impairments is severe, i.e., more than a slight abnormality that causes no more than minimal functional limitations. Id., § 416.924(c). If not, benefits are denied; if so, the evaluation continues.

The third step involves a determination whether the child has impairment(s) that meet, medically equal or functionally equal in severity a Listed impairment. Id., § 416.924(d). If so, and if the duration requirement is met, benefits are awarded; if not, benefits are denied.

The ALJ found that Claimant had never engaged in substantial gainful activity. (Tr. 23.) He determined that he did have a learning disorder, attention deficit hyperactivity disorder and oppositional defiant disorder, which were "severe," but that he did not have any impairment or combination of impairments that met or medically equaled a Listing or that functionally equaled a Listed impairment. Id. Consequently, he found that he was not disabled. Id.

Plaintiff argues that the ALJ committed reversible error by failing to articulate specific reasons for his findings that Claimant did not meet or equal a Listing. (Br. 3-5.)

In support of her argument, Plaintiff cites a Third Circuit case[3] which cites a Tenth Circuit case. However, that is not the law in the Eighth Circuit.

> Although it is preferable that ALJs address a specific listing, failure to do so is not reversible error if the record supports the overall conclusion, as it does in this case. See Dunahoo v. Apfel, 241 F.3d 1033, 1037 (8th Cir.2001) (holding a failure to explain why the claimant did not meet the listing for rheumatoid arthritis was not an error); Briggs v. Callahan, 139 F.3d 606, 609 (8th Cir.1998) (stating that "although the ALJ did not specifically discuss [the] condition in the context of listing 112.05(D)," the record supported the conclusion).

Pepper ex rel. Gardner v. Barnhart, 342 F.3d 853, 855 (8th Cir. 2003).

Next, Plaintiff argues that the ALJ erred by not finding that Claimant's attention deficit hyperactivity disorder met Listing 112.11. (Br. 5-6.) Plaintiff's brief sets out the Listing, and then states, "The record before the ALJ clearly set out problems manifested throughout the school records as well as the treating physician as well as the psychologists who treated and evaluated Joshua's condition." Id. Plaintiff does not cite to the record or otherwise attempt to connect the facts of this case to the Listing in question. Id. Such a failure to cite to the record in support of an argument is waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mind[ ] readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

---

[3] There is a least some question whether the cited case, Burnett v. Commissioner of Social Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000), is still good law. In Jones v. Barnhart, 364 F.3d 501 (3d Cir. 2004), the Court of Appeals adopted a more flexible approach on the issue of similar Listings at Step 3. See Jones, 364 F.3d at 505 (holding that an ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis," but must merely ensure "that there be sufficient explanation to provide meaningful review of the step three determination"). The Court of Appeals concluded in Jones that an ALJ had satisfied this standard by clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant Listing. Id.

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1992)(citations omitted); accord, Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); Hartmann v. Prudential Ins. Co. of America, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); Leer v. Murphy, 844 F.2d 628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned).

Further, the argument fails on its merits.

Listing 112.11 reads as follows:

> 112.11 *Attention Deficit Hyperactivity Disorder:* Manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
> A. Medically documented findings of all three of the following:
> 1. Marked inattention; and
> 2. Marked impulsiveness; and
> 3. Marked hyperactivity;
> AND
> B. For older infants and toddlers (age 1 to attainment of age 3), resulting in at least one of the appropriate age-group criteria in paragraph B1 of 112.02; or, for children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

20 C.F.R. Pt. 404, Subpt. P, App. 1 (2005).

The referenced paragraph B2 of 112.02 reads as follows:

> 2. For children (age 3 to attainment of age 18), resulting in at least two of the following:

>    a. Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or
>    b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or
>    c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or
>    d. Marked difficulties in maintaining concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.02 B (2005).

Plaintiff points to no medically documented findings of marked[4] inattention or impulsiveness or hyperactivity, much less all three. The Court has examined the medical records and can find none, either. Records from Adam C. Gray, M.D., Claimant's treating physician, noted "a significant improvement" in attention span with medication, but no hyperactivity in April 2004. (Tr. 106.) Plaintiff agreed that the medication helped and observed that Claimant was easy to get along with and happy most of the time. (Tr. 74.) In March 2006, Dr. Gray noted that Plaintiff was seeking "long term social security disability" on behalf of Claimant. (Tr. 242.) He observed, "At this time I think it would be a little earl[y] to be seeking long term disability." Id. Atif Akhtar, M.D., a child psychiatrist, evaluated Claimant in January 2005. (Tr. 188-91.) He noted:

---

[4] Where "marked" is used as a standard for measuring the degree of limitation it means more than moderate but less than extreme. A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function (based upon age-appropriate expectations) independently, appropriately, effectively, and on a sustained basis.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.00 C (2005).

6

> In terms of ADHD, according to the patient, he is not having any problems with concentration and he does not get distracted or forget to bring his homework back home or complete it and it does not take him a long time to complete it and he is organized. He says he does not forget anything. He sometimes does feel fidgety but he is not impulsive or hyperactive and is not "on the go all the time."

(Tr. 188.) This was despite the fact that Plaintiff had discontinued his medication. (Tr. 189.) Dr. Akhtar summarized, "Patient has been having problems with fidgetiness but otherwise he does not have any other symptoms of ADHD." (Tr. 190.)

There are two "residual functional limitations" forms that were submitted to the Appeals Council. (Tr. 3, 254-55.) Checkmarks on the two forms indicate that Claimant had no limitation in the areas of cognitive/communication, motor, social, responsiveness to stimuli and personal, but "marked" limitation of concentration, persistence or pace. (Tr. 254-55.) A checkmark also indicates that Claimant met Listing 112.11. Id. The signatures are illegible, but the Appeals Council identified the signers of the two forms as Susan Estees, L.P.E., and Terry Brown, D.O. (Tr. 3.) The opinions of Claimant's physicians as to whether he met a Listing are never entitled to controlling weight or special significance. Social Security Ruling 96-5p, at 2. Such an opinion must be supported by the record. Id. The determination whether a claimant meets or equals a Listing is an issue reserved for the Commissioner. Id. at 3. The ALJ received into evidence the reports of Disability Determination Services physicians. (Tr. 169-84.) They found, as the ALJ ultimately did, that Claimant had "severe" impairments, but did not meet, medically equal or functionally equal the Listings. (Tr. 169, 183.) The ALJ is entitled to rely on the opinions of reviewing physicians when considering whether the claimant meets the requirements of a listed impairment. Ostronski v. Chater, 94 F.3d 413, 417 (8th Cir. 1996). Substantial evidence supported the ALJ's determination that Claimant did not meet a Listing.

Finally, Plaintiff contends that the ALJ erred in failing to obtain the advice of a medical expert on the question of medical equivalency. (Br. 6-8.) Plaintiff cites Social

Security Ruling 96-6p.  (Br. 7.)  It seems clear that the ALJ followed Social Security Ruling 96-6p:

> As trier of the facts, an administrative law judge or the Appeals Council is not bound by a finding by a State agency medical or psychological consultant or other program physician or psychologist as to whether an individual's impairment(s) is equivalent in severity to any impairment in the Listing of Impairments.  However, longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight.
>
> The signature of a State agency medical or psychological consultant on an SSA-831-U5 (Disability Determination and Transmittal Form) or SSA-832-U5 or SSA-833-U5 (Cessation or Continuance of Disability or Blindness) ensures that consideration by a physician (or psychologist) designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review.  Other documents, including the Psychiatric Review Technique Form and various other documents on which medical and psychological consultants may record their findings, may also ensure that this opinion has been obtained at the first two levels of administrative review.
>
> When an administrative law judge or the Appeals Council finds that an individual[']s impairment(s) is not equivalent in severity to any listing, the requirement to receive expert opinion evidence into the record may be satisfied by any of the foregoing documents signed by a State agency medical or psychological consultant.

Id. at 3.  As noted above, the ALJ received into evidence the reports of Disability Determination Services physicians.  (Tr. 169-84.)  Again, they found, as the ALJ ultimately did, that Claimant had "severe" impairments, but did not meet, medically equal or functionally equal the Listings.  (Tr. 169, 183.)

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision,

the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, it is hereby

RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this 8th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE